Breaux vs. Recorder of Mortgages.

## No. 9192.

### Gus. A. Breaux et al. vs. The Recorder of Mortgages.

In a proceeding for a mandamus to compel the recorder of mortgages to cancel the inscription of tax mortgages, like in all other controversies, the test of the jurisdiction of the Supreme Court is to be found in the real amount in dispute, exclusive of interest. If the amount in capital of the taxes sought to be cancelled does not exceed $1000, the Supreme Court is without jurisdiction.

Although accrued interests are likewise secured by the mortgages, they are not a component part of the matters in dispute within the meaning of the Constitution.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston,* J.

*Breaux & Hall* for Plaintiffs and Appellants.

*J. C. Egan,* Attorney General, *John McEnery* and *W. B. Sommerville* for Defendant and Appellee.

#### On Motion to Dismiss.

The opinion of the Court was delivered by

Poché, J. The ground of the motion is that the amount in dispute is not sufficient to give jurisdiction to this Court.

The object of the proceeding was to compel the defendant to cancel the inscription of certain tax mortgages affecting property owned by plaintiffs, who are the appellants herein. The inscription complained

of included the State taxes of 1871, amounting to $387; for the year 1875, amounting to $217 50; and for the year 1876, amounting to $174; making a total of $778 50.

In their petition, plaintiffs allege that these taxes, together with penalties and interests, exceed in real value $1800, and that therefore their actual interest in the controversy is equal to that amount. Hence, their counsel contended that their "jurisdictional allegations" clearly bring their case within the reach of our jurisdiction.

But allegations of "jurisdictional facts" are not the exclusive test of a question of jurisdiction. "The real *amount in dispute*, whenever the same can be legally ascertained from the pleadings and documents annexed, and not *the allegations of parties*, is to be the test of our jurisdiction and shall be our rule in determining all such questions." Wilkins vs. Gantt, 32 Ann. 929. Applying this rule to the case at bar, we find that the alleged sum of $1800 includes, taxes amounting in capital to $778 50, and that the balance comprises penalties and interests' as alleged by plaintiffs.

Now, under the effect of section 15, of Act No. 98, of 1882, which remits all penalties heretofore attached to delinquent tax bills for taxes due prior to January 1, 1880, and substitutes in lieu thereof interest of eight per cent per annum from the date that said taxes became due, the element of penalties is entirely eliminated from discussion. Hence, the real amount in dispute is the amount of taxes in capital, bearing interest from the dates at which the respective amounts became due, as hereinabove stated.

This is virtually conceded by plaintiffs' counsel, who suggest that a simple calculation of that interest "will speedily demonstrate that the sum of that interest, added to said principal taxes, exceeds $1000."

Their contention seems therefore to be that as the interest is secured by mortgage as well as, and as an accretion of, the principal of the tax, the amount in dispute necessarily includes accrued interests.

But under the textual provision of the Constitution our jurisdiction only attaches when the matter in dispute, *exclusive of interest*, exceeds one thousand dollars.

We know of no provision in the Constitution or in our laws which contemplates an exception to that rule in cases involving the erasure of inscriptions of tax mortgages, and plaintiffs' counsel have pointed to no authorities in support of such a proposition. The argument that interest on taxes must be included in the matter in dispute, because it is alike secured by the mortgage which secures the principal tax, is not sound.

It might as well be argued that the interest accrued on a mortgage note, and which is secured by the same mortgage, could be considered as an element in the matter in dispute or as a test of jurisdiction. The reverse of such a proposition is too plain for discussion.

But the position contended for by plaintiffs is not entirely new. It was considered in the case of the State *ex rel.* Forman vs. Recorder of Mortgages, 33 Ann. 14, which was also a proceeding for the erasure of an inscription of tax mortgages. In that case, the city of New Orleans had appealed from a judgment ordering the recorder to cancel a mortgage for its taxes, amounting in capital to $584 88, on which interests had accrued up to $440. The city attorney urged that the two amounts together were sufficient to give us jurisdiction and should both be considered as elements of the amount in dispute, but the Court held otherwise and dismissed the appeal, on the ground that accrued interests could not be considered as a component part of the "matter in dispute."

So we must conclude in this case, wherein the amount in dispute is the sum of $778 50, exclusive of interest.

It is, therefore, ordered that the present appeal be dismissed, at appellants' costs.